IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL RAY HUDDLESTON (TDCJ No. 2192497), | § § § § § | |
| Plaintiff, | § | |
| V. | § § | No. 3:19-cv-1248-G-BN |
| THE MINERAL WELLS INDEX, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cecil Ray Huddleston, a Texas prisoner, filed a *pro se* action against Defendant The Mineral Wells Index, a local newspaper, alleging that The Index defamed him through its publication of an article following his criminal conviction. *See* Dkt. No. 3.

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

On May 28, 2019, the Court ordered Huddleston to file no later than June 27, 2019 a written response to show the Court that it has subject matter jurisdiction over this lawsuit. Now, close to two months past that deadline, Huddleston has yet to comply or otherwise contact the Court.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack

of subject matter jurisdiction.

### Applicable Background, Legal Standards, and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly where – as is the case here – a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Huddleston chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Defamation is a state law tort. *See, e.g., Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam) ("The elements of a prima facie case for defamation are: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se." (citing *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing, in turn, *Lipsky*, 460 S.W.3d at 593; *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998))))). Huddleston nevertheless argues that his action presents a federal question both under 42 U.S.C. § 1983, *see* Dkt. No. 3 at 3 ("This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under

non-color of State law, of rights secured by the Constitution of the United States."), and

under the Declaratory Judgment Act ("DJA"), *see* Dkt. No. 3 (citing 28 U.S.C. §§ 2201,

2202).

> First, as another district court in this circuit recently summarized, the DJA
>
> allows that, "[i]n a case of actual controversy within its jurisdiction," a
> federal court may "declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not further relief
> is or could be sought." 28 U.S.C. § 2201(a). Accordingly, the act "creates
> a remedy, not an independent source of subject-matter jurisdiction" and
> a court's jurisdiction over a request for declaratory relief depends on the
> existence of an "actual case or controversy." *Sandoz, Inc. v. Amgen, Inc.*,
> 773 F.3d 1274, 1277 (Fed. Cir. 2014) (internal citation omitted). The
> plaintiff must establish that this requirement was satisfied at the time
> the complaint was filed; "post-filing conduct is not relevant." *Vantage
> Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

*Backoff LLC v. Samoco Oil Tools, Inc.*, No. 2:18-cv-0494, 2018 WL 6175575, at *3 (W.D.

La. Aug. 30, 2018), *rec. adopted*, 2018 WL 6174301 (W.D. La. Nov. 26, 2018).

Further, to state a claim under Section 1983, "a plaintiff must allege facts

showing that he has been 'deprived of a right secured by the Constitution and the laws

of the United States,' and that the deprivation was caused by a person or persons

'acting under color of state law.'" *Burroughs v. Shared Housing Ctr.*, No. 3:15-cv-333-N-

BN, 2015 WL 4077216, at *2 (N.D. Tex. June 17, 2015) (quoting *Bass v. Parkwood

Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999)), *rec. accepted*, 2015 WL 4089756 (N.D. Tex.

July 6, 2015). "Absent any allegations of state action or that defendants are state

actors, [a plaintiff's] Section 1983 claims fail." *Richardson v. Skyline Prop.*, No. 3:14-cv-

1978-D, 2014 WL 4817619, at *3 (N.D. Tex. Sept. 29, 2014) (citations omitted).

Here, Huddleston specifically alleges that The Index violated his constitutional

rights "under non-color of State law." Dkt. No. 3 at 3. Whatever this means, the absence of an allegation that a plaintiff's rights were violated under color of state law precludes finding federal question jurisdiction based on a mere invocation of Section 1983. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

The Court should therefore dismiss this action without prejudice for lack of subject matter jurisdiction.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE